1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SCOT STRAITS,                                No.  2:15-cv-1668-EFB P

12                    Plaintiff,

13           v.                                     ORDER GRANTING IFP AND DISMISSING
                                                   COMPLAINT WITH LEAVE TO AMEND
14    RIO COSUMNES CORRECTIONAL
      FACILITY, et al.,
15
                      Defendants.
16

17

18           Plaintiff is a county prisoner proceeding without counsel in an action brought under 42

19    U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in

20    forma pauperis pursuant to 28 U.S.C. § 1915.

21    **I.      Request to Proceed In Forma Pauperis**

22           Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

23    Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

24    and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25    § 1915(b)(1) and (2).

26    **II.     Screening Requirement and Standards**

27           Federal courts must engage in a preliminary screening of cases in which prisoners seek

28    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

                                                   1

1 § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

2 of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

3 relief may be granted," or "seeks monetary relief from a defendant who is immune from such

4 relief."  *Id.* § 1915A(b).

5      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

6 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

7 plain statement of the claim showing that the pleader is entitled to relief, in order to give the

8 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

9 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

10 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

11 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

12 U.S. 662, 679 (2009).

13      To avoid dismissal for failure to state a claim a complaint must contain more than "naked

14 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

15 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

16 a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at

17 678.

18      Furthermore, a claim upon which the court can grant relief must have facial plausibility.

19 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

20 content that allows the court to draw the reasonable inference that the defendant is liable for the

21 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

22 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

23 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

24 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

25 **III.    Screening Order**

26      In the complaint (ECF No. 1), plaintiff names Rio Cosumnes Correctional Facility and

27 Sacramento County Sheriff's Health Services Unit as defendants.  He alleges that he was housed

28 at the Rio Cosumnes Correctional Facility, and was informed that "due to departmental policy" he

1   would not receive treatment for his hepatitis C.  Plaintiff also alleges that due to another

2   unspecified "departmental policy," his tooth would not be removed because of its proximity to his

3   sinus cavity.  Plaintiff also claims he was made sick by exposure to black mold.  He alleges that

4   that "medical staff" has not followed up with him and he is in "constant pain."  Plaintiff claims

5   that his Eighth Amendment rights have been violated.

6          The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the

7   allegations are too vague and conclusory to state a cognizable claim for relief.  For example, it is

8   not clear which department plaintiff is referring to when he alleges the existence of a

9   "departmental policy."  Plaintiff does not further describe the policies or otherwise plead facts to

10  demonstrate that the policies deprived him a federal or constitutional right.  In addition, plaintiff

11  does not identify any specific individual as a defendant or link any particular defendant to a

12  violation of his rights.  Although the Federal Rules adopt a flexible pleading policy, a complaint

13  must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v.*

14  *Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

15  some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

16  *Id.*  To proceed, plaintiff must file an amended complaint.

17         Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable

18  legal theory against a proper defendant and sufficient facts in support of that cognizable legal

19  theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must

20  afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

21  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set

22  forth the claims and allegations against each defendant.  Any amended complaint must cure the

23  deficiencies identified above and also adhere to the following requirements:

24         Any amended complaint must identify as a defendant only persons who personally

25  participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

26  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

27  constitutional right if he does an act, participates in another's act or omits to perform an act he is

28  legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. Local Rule 110.

In addition, the court notes that the following legal standards may apply to plaintiff's intended claims for relief.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In sum, plaintiff must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

/////

4

1    A municipal entity or its departments is liable under section 1983 only if plaintiff shows

2 that his constitutional injury was caused by employees acting pursuant to the municipality's

3 policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977);

4 *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic*

5 *Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).  Local government entities may not be held

6 vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory

7 of respondeat superior.  *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

8    The Eighth Amendment protects prisoners from inhumane methods of punishment and

9 from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

10 2006).  To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to

11 support a claim that prison officials knew of and disregarded a substantial risk of serious harm to

12 the plaintiff.  *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124,

13 1128 (9th Cir. 1998).  Extreme deprivations are required to make out a conditions of confinement

14 claim, and only those deprivations denying the minimal civilized measure of life's necessities are

15 sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

16 503 U.S. 1, 9 (1992).  Prison officials "must provide humane conditions of confinement,"

17 including "adequate food, clothing, shelter, and medical care."  *Farmer*, 511 U.S. at 832-33.

18    To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

19 plaintiff must establish that he had a serious medical need and that the defendant's response to

20 that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

21 *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

22 treat the condition could result in further significant injury or the unnecessary and wanton

23 infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial,

24 delay or intentional interference with medical treatment or by the way in which medical care is

25 provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

26    To act with deliberate indifference, a prison official must both be aware of facts from

27 which the inference could be drawn that a substantial risk of serious harm exists, and he must also

28 draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if

1    he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing

2    to take reasonable measures to abate it." *Id.* at 847.  A physician need not fail to treat an inmate

3    altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*,

4    884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition,

5    even if some treatment is prescribed, may constitute deliberate indifference in a particular case.

6    *Id.*

7            It is important to differentiate common law negligence claims of malpractice from claims

8    predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.

9    In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

10   support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

11   1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391

12   F.3d 1051, 1057 (9th Cir. 2004).

13   **IV.    Summary of Order**

14           Accordingly, IT IS HEREBY ORDERED that:

15           1.  Plaintiff's request to proceed in forma pauperis (ECF No. 6) is granted.

16           2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

17   accordance with the notice to Sacramento County Sheriff's Department filed concurrently

18   herewith.

19           3.  The complaint is dismissed with leave to amend within 30 days.  The amended

20   complaint must bear the docket number assigned to this case and be titled "First Amended

21   Complaint."  Failure to comply with this order will result in dismissal of this action for failure to

22   state a claim.  If plaintiff files an amended complaint stating a cognizable claim the court will

23   proceed with service of process by the United States Marshal.

24   Dated:  March 13, 2017.

25

26           EDMUND F. BRENNAN
             UNITED STATES MAGISTRATE JUDGE

27

28